IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LIZETH I. ROMERO LUJAN; and <br> JUAN P. HERRERA DELGADILLO, <br><br> Plaintiffs, <br><br> v. <br><br> THE CITY OF GUYMON, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) Case No. CIV-24-1127-D <br> ) <br> ) <br> ) <br> ) <br> ) |

## **ORDER**

Before the Court is Defendant's Motion to Dismiss Plaintiffs' Complaint [Doc. No. 4]. In its Motion, Defendant argues that, because 28 U.S.C. § 1332's amount-in-controversy requirement cannot possibly be met in this case, the Court lacks subject-matter jurisdiction. More specifically, Plaintiffs assert a negligence claim against Defendant under the Oklahoma Governmental Tort Claims Act ("OGTCA"), but the OGTCA caps Plaintiffs' potential recovery at $25,000. *See* Def.'s Mot. at 6-7; *see also* Okla. Stat. tit. 51, § 154(A)(1) (" The total liability of the state and its political subdivisions on claims within the scope of The Governmental Tort Claims Act . . . shall not exceed: [] Twenty-five Thousand Dollars ($25,000.00) for any claim or to any claimant who has more than one claim for loss of property arising out of a single act, accident, or occurrence[.]"). Therefore, Defendant argues, it is a legal certainty that "the controversy is worth less than the jurisdictional minimum." *See McPhail v. Deere & Co.*, 529 F.3d 947, 954 (10th Cir. 2008).

On February 20, 2025, Plaintiffs filed their Response to Defendant's Motion to Dismiss Plaintiffs' Complaint [Doc. No. 5], in which they "confess the relief requested in

the *Motion* insofar as this Court does not have diversity subject matter jurisdiction." Plaintiffs thus concede that the Court should dismiss this case without prejudice for lack of subject-matter jurisdiction. *Id.*

Separate and apart from the instant Motion, "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.'" *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)); *see also Havens v. Colo. Dep't of Corr.*, 897 F.3d 1250, 1260 (10th Cir. 2018). Upon review of the Complaint and Defendant's Motion, the Court agrees that it lacks subject-matter jurisdiction over this case and that Defendant's Motion [Doc. No. 4] should be, and hereby is, **GRANTED**.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** without prejudice to refiling. A separate judgment shall be issued accordingly.

**IT IS SO ORDERED** this 5th day of March, 2025.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge